UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GILBERT KING, JR., ET AL                    CIVIL ACTION

VERSUS                                      NO. 07-8638

STATE FARM FIRE AND CASUALTY                SECTION: "B"(3)
COMPANY, ET AL

<u>ORDER AND REASONS</u>

Petitioners' motion to remand, (Record Document No. 5), is **GRANTED** for the following reasons.

Petitioners Gilbert and Leola King ("Kings") filed suit against State Farm Fire and Casualty Company ("State Farm") and Sun Finance Company L.L.C. (Sun Finance), in Civil District Court for the Parish of Orleans, State of Louisiana on July 25, 2007. Service of that lawsuit, according to State Farm, occurred on the same date.

While the matter was pending in state court, State Farm filed an Exception of Improper Cumulation on August 22, 2007. The exception was heard and denied on October 19, 2007. On November 14, 2007 State Farm filed a notice to remove that suit to federal court, within thirty days after the state court's denial of State Farm's petition for Exception for Improper Cumulation.

The Kings then filed a timely motion to remand to state court. The Kings allege that State Farm's notice of removal was untimely filed. According to the Kings, the original petition and facts on which State Farm now removes were known by State Farm since service of the petition in July 2007. The state court's denial of State

Farm's Exception of Improper Cumulation did not provide any new information to State Farm that made the case newly removable after the court ruled on the exception.

In its response, State Farm alleges that the suit was timely removed to federal court.   According to State Farm, diversity jurisdiction exists in this suit under 28 U.S.C. § 1332.   State Farm further alleges that removal was proper under 28 U.S.C. § 1441; that the amount in controversy at the time of removal was in excess of $75,000; that complete diversity exists once the improperly joined in-state defendant is dismissed and that removal was timely under 28 U.S.C. § 1446(b).

Under 28 U.S.C. § 1446(b):

> The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant...of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

By the text of the statute, a case is removable 30 days after the initial pleading is filed.   If the case stated by the initial pleading is not removable, then a notice of removal may be filed once the defendant receives a subsequent "piece of paper" that

renders the case removable.

State Farm explains that its removal was timely based on an exception that courts give to parties who claim fraudulent joinder. State Farm however failed to explain or assess a charge of fraudulent joinder against the Kings.  Instead, State Farm, after asserting fraudulent joinder, went on to explain that its delay in removing the case was not unreasonable because it filed for removal within 30 days after its petition for Exception for Improper Cumulation was denied by the state court.  State Farm failed to show how the court's denial of its Exception for Improper Cumulation affirmed its allegations of fraudulent joinder by the Kings and created a new situation that made the case newly removable once the order for the Exception for Improper Cumulation was rendered by the state court.  In State Farm's response to the King's request for remand, there is nothing to show how the Exception for Improper Cumulation served as the other paper that rendered the initial pleading removable.

In *Bosky v. Kroger Texas*, 288 F.3d 208 (5th Cir. 2002), the Fifth Circuit explains that the second paragraph of 28 U.S.C. § 1446(b) governs notices of removal based on a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. The court further states that the time limit in the first paragraph is only triggered when the initial pleading affirmatively reveals

3

on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.

State Farm does not argue that the Kings did not affirmatively reveal that they were not seeking damages in excess of the minimum jurisdictional amount of the federal court.  In fact, State Farm asserts that it was facially apparent from the plaintiff's initial petition that the plaintiff's case exceeded $75,000.  According to the State Farm, the plaintiff did not file a binding stipulation or affidavit with their complaint that renounced their right to enforce a judgment in an amount greater than $75,000 to prevent removal of the plaintiff's suit to federal court.

On page 2 of the petition for damages and declaratory judgment, the Kings assert that "the building was a total loss entitling plaintiffs to the full insurable amount shown on his home owner's policies for buildings, structures and contents."  The Kings further asserted on page 4 of the initial suit that by virtue of La. R.S. 27:695 plaintiffs are entitled to the total face amount of this policy of insurance.

The state court ruling on the defendant's petition for the Exception of Improper Cumulation did not add anything relative to removal. Whereas State Farm asserts that the amount in controversy and the existence of complete diversity gives the federal court jurisdiction over the suit, State Farm does not explain to the court how this information is newly ascertainable by the state

4

court's denial of its petition for Exception for Improper Cumulation.

In *Bosky*, the Fifth Circuit noted that "the information supporting removal in a copy of an amended pleading, motion, order or other paper must be unequivocally clear and certain to start the time limit running for a notice of removal under the second paragraph of Section 1446(b)." The defendant depends on the civil district court's order in State Farm's petition for an Exception for Improper Cumulation as the "other paper," or "order" (exhibit c) that renders this case removable. Upon examination of the order, there is nothing new that makes anything unequivocally clear and certain on the jurisdictional issues. The order in question only states that the court denied the defendant's exception. There is no reasoning, explanation or new facts exposed by this order. If there was something new in the order that the defendant relied on in filing for removal after that order was rendered by the state court, the defendant failed to identify that information.

There is no triggering event that altered or clarified the alleged facts cited in the original state court petition. State Farm failed to show how the state court's ruling on the exception

rendered the case any more removable than the unequivocally clear allegations in the original petition.[1]

    Accordingly, the motion to remand is **GRANTED**.

    New Orleans, Louisiana, this 17th day of September, 2008.

UNITED STATES DISTRICT JUDGE

---

[1] Further, federal courts do not sit as appellate tribunals over state court rulings on questions of state law.  We will not reweigh the basis for the state's denial of the improper cummulation exception.